IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH LESLIE DRAFFEN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  13-cv-1149-DRH-CJP |
| | ) |
| **BRAD J. ROBERT,** | ) |
| | ) |
| Respondent. | ) |

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

In 2007, a jury in Massac County, Illinois, convicted petitioner Joseph Leslie Draffen of home invasion, residential burglary and aggravated battery.  He was sentenced to sixteen years imprisonment.

After filing a direct appeal and a petition for *nunc pro tunc* judgment in state court, Draffen filed a petition for habeas relief under 28 U.S.C. §2254 (Doc. 1), raising the following ground:

> Requiring petitioner to serve 85% of his sentence in the absence of a finding by the trial judge that he caused great bodily harm to the victim violates Illinois law as well as the 5th, 6th and 14th Amendments to the United States Constitution.

## I.   <u>Relevant Facts</u>

This summary of the relevant facts is derived from the Appellate Court's Rule 23 Order  affirming the denial of petitioner's petition for *nunc pro tunc* judgment.  A copy of the Rule 23 Order is attached to Doc. 11 as Exhibit 9.  The state court's factual findings are presumed to be correct unless rebutted by clear and convincing evidence, which petitioner has not done.  28 U.S.C. §2254(e).

The facts underlying petitioner's conviction are not relevant here. The relevant facts are that, at sentencing, the trial judge orally sentenced petitioner to sixteen years, but did not make a finding that the victim suffered great bodily harm and did not state that Draffen would be required to serve 85% of his sentence. However, the written sentencing order included a provision requiring petitioner to serve 85% of his sentence. See, Ex. 9, p. 2.

The victim, an 83-year-old man, suffered a head injury which required hospitalization. Doc. 11, Ex. 1, pp. 1 & 4. In its Rule 23 Order affirming the denial of the petition for *nunc pro tunc* judgment, the Illinois Appellate Court, Fifth District, stated that the victim did, in fact, suffer great bodily harm during the home invasion. Ex. 9, p. 2. Petitioner does not dispute that the victim suffered great bodily harm.

## II.     State Court Proceedings

Petitioner filed a direct appeal which did not raise an issue relating to his sentence. See, Petitioner's Brief on Direct Appeal, Doc. 11, Ex. 2.

In April, 2010, while his direct appeal was still pending, petitioner, through counsel, filed a petition for *nunc pro tunc* judgment in which he argued that the written order requiring him to serve 85% of his sentence was a clerical error because the judge did not make a finding that the victim suffered serious bodily harm. See, Petition for *Nunc pro Tunc* Judgment Doc. 1, Ex. 1, pp. 53-55, and Petitioner's Brief on Appeal from Denial of Petition for *Nunc pro Tunc* Judgment, Doc. 11, Ex. 6,

After his appeal was rejected, petitioner filed a Petition for Leave to Appeal which raised the above point. Doc. 11, Ex. 10. The Supreme Court denied the PLA. Doc. 11, Ex. 11.

Petitioner later filed a state postconviction petition, which was pending at the time he filed his habeas petition. However, he states that the postconviction petition has no relevance to his habeas petition. See. Doc. 1, pp. 9-10.

### III.  Law Applicable to §2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct.

1495, (2000).  A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1).  *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003).  The unreasonable application standard is "a difficult standard to meet." *Id.*, at 662.  Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." *Id.*, at 662 (internal citation omitted).

## IV.   Timeliness, Exhaustion and Procedural Default

Respondent concedes that the petition was timely filed and that petitioner has exhausted state remedies.  Doc. 11, p. 7.  He argues that petitioner's ground is procedurally defaulted.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default.  *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).  Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119

S.Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 843-846.

### V. Motion for Judgment on the Pleadings

Petitioner filed a Motion for Judgment on the Pleadings at Doc. 16 in which he argues that he is entitled to judgment as a matter of law. The Court will consider that motion along with the petition.

### VI. Analysis

Petitioner's sole ground is procedurally defaulted insofar as it attempts to set forth a federal constitutional claim.

In state court, petitioner argued only that the written judgment was erroneous because the judge did not make a finding that the victim suffered great bodily harm, as required by the Illinois Truth in Sentencing Act, 730 ILCS 5/5-4-1. He did not refer at all to the federal constitution in his petition, his brief on appeal, or PLA. He cited only state court cases and Illinois statutes. And, the state court cases cited by petitioner were analyzed only under Illinois state law and did not rely on any federal constitutional analysis on the relevant point.

A habeas petitioner must "fairly present" the constitutional basis of his argument at each step of the state process. This requirement is not met if the petitioner's state court pleadings fail to alert the state court "to the federal nature of the claim." *Baldwin v. Reese*, 124 S.Ct. 1347, 1349 (2004), citing *Duncan v.*

*Henry*, 115 S. Ct. 887 (1995). Fair presentment requires "articulating the point in such a way that a judge could grasp both its substance and its foundation in federal law." *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). Here, petitioner presented his point as a matter of state law only. The failure to present a federal constitutional argument in state court means that his federal constitutional arguments are procedurally defaulted and cannot be considered here. *Bolton v. Akpore*, 730 F.3d 685, 694-695 (7th Cir. 2013).

Petitioner has not demonstrated that there was cause for his procedural default. His reply, Doc. 15, expands upon his federal constitutional arguments, but he does not demonstrate that those arguments were actually raised in state court or argue cause for procedural default. And, he has not raised a claim of actual innocence sufficient to overcome his procedural default. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Petitioner's argument that the written judgment is contrary to Illinois law because the judge did not make a finding of serious bodily harm is not cognizable on habeas review. 28 U.S.C. §2254 affords habeas relief only where a petitioner's custody violates *federal* law. *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011), citing *Estelle v. McGuire,* 112 S. Ct. 475, 480 (1991). The Illinois Truth in Sentencing Act is, obviously, a rule of state law. Claims of error in the application of state sentencing laws are not cognizable on habeas review. *Dellinger v. Brown*, 301 F.3d 758, 764 (7th Cir. 2002).

Because petitioner did not present a federal constitutional argument in state court, and because this Court cannot consider a state law claim on habeas review, petitioner is not entitled to habeas relief.

### VII.  Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong."  See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).  Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Here, no reasonable jurist would find it debatable whether this Court's rulings on procedural default or on the substantive issues were correct.  Accordingly, the Court denies a certificate of appealability.

### VII.  Conclusion

Joseph Leslie Draffen's petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**. Petitioner's Motion for Judgment on the Pleadings **(Doc. 16)** is also **DENIED.**

This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 11th day of December, 2014.

Digitally signed by David R. Herndon
Date: 2014.12.11 16:22:07 -06'00'

**District Judge**
**United States District Court**