IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH LESLIE DRAFFEN,**

        **Petitioner,**

vs.

**BRAD J. ROBERT,**

        **Respondent.**                 **Case No. 13-cv-1149-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Joseph Leslie Draffen motions for leave to appeal *in forma pauperis* (Doc. 20) without prepayment of the usual $505.00 appellate docketing fee and for certificate of appealability (Doc. 24). *See* 28 U.S.C. § 1913; 28 U.S.C. § 191. On December 12, 2014, the Court dismissed with prejudice Draffen's petition for writ of habeas relief under 28 U.S.C. § 2254 (Doc. 17). On January 8, 2015, Draffen filed a notice of appeal (Doc. 19).

Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE provides that a party to an action in federal district court who desires to appeal *in forma pauperis* (IFP) must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* Fed. R. App. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*.

In evaluating Draffen's motion, the Court must determine whether the appeal is taken in good faith. As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000); *see also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal *in forma pauperis* from the dismissal of a frivolous suit is presumptively erroneous and indeed self-contradictory.") That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, petitioner's motion to proceed IFP fails because his appeal is not taken in good faith. Draffen failed to claim any entitlement to redress or include the issues that he intended to present on appeal, as required by Fed. R. App. P. 24(a)(1). Further, the Court found that Draffen's claim was procedurally defaulted because petitioner presented his argument as a matter of state law only. Petitioner's state court pleadings fail to alert the state court of the federal nature of his claim. Draffen's failure to present a federal constitutional argument in state court means that his federal constitutional arguments are procedurally defaulted and cannot be considered. *Bolton v. Akpore*, 730 F.3d

685, 694-695 (7th Cir. 2013). As a result, no reasonable person could suppose that this appeal has any merit. The Court therefore certifies that petitioner's appeal is not taken in good faith.

Accordingly, Draffen's motion for leave to appeal *in forma pauperis* (Doc. 20) is **DENIED**. Petitioner shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within **TWENTY-ONE** (21) days of the date of entry of this order (on or before February 6, 2014), or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal. Petitioner's motions for certificate of appealability (Doc. 24) is **DENIED as moot,** as the Court's December 12, 2014 order dismissing the petition (Doc. 17) also denied a certificate of appealability.

**Finally,** the **Clerk of the Court** is **DIRECTED** to notify the Court of Appeals for the Seventh Circuit of this order. *See* Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED.**

Signed this 16th day of January, 2015.

David R. Herndon
2015.01.16
17:52:05 -06'00'

**District Judge**
**United States District Court**